## SMITH  *v.*  JOHNSON.

WHERE A executes a promissory note to B bearing interest at three per cent. per month, and C, D, and E sign the note as sureties for A, and B afterwards recovers judgment on the note against A, the maker and the sureties, and the sureties pay the judgment, in an action by the sureties against the maker for the money thus paid, they can only recover judgment for the amount of money paid, with interest at the rate of ten per cent. per annum from the time of payment.

Where there is no agreement or contract in writing, fixing a different rate of interest, parties are limited in their recovery to ten per cent. per annum.

The rate of interest fixed in a promissory note is not a contract or agreement in writing between the maker of and sureties on the note.

APPEAL from the Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

*R. McGarvey*, for Appellant.

*Holden & Lamar*, for Respondent.

[No briefs on file.]

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover a sum of money paid by James M. Ellis and Bennett Ellis (under whom the plaintiff claims by assignment), as sureties for the defendant, on a judgment rendered against the defendant, one Latimer, and the said Ellis. The defendant demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action had been improperly united. The Court overruled the demurrer, and rendered judgment against the defendant, from which he appeals.

The complaint alleges that one Myers recovered a judgment against the defendant, Latimer, and the said J. M. and B. Ellis, for three hundred and ninety-two dollars and fifty cents, with interest at three per cent. per month, and costs; that the judgment was rendered upon a promissory note executed by the defendant, as maker, and by Latimer and the Ellis's as sureties for the defendant; that the sureties paid the judgment on the twenty-seventh day of April, 1861, the Ellis's paying thereon the sum of two hundred and thirty-one dollars and thirteen cents; that they assigned their claim against the defendant for repayment to one Caldwell, who assigned to the plaintiff, and that he is entitled to a judgment against the defendant for two hundred and thirty-one dollars and thirteen cents, with interest thereon at the rate of three per cent. per month, and the judgment rendered includes interest at that rate.

The statute regulating the interest of money provides that parties may agree in writing for the payment of any rate of interest whatever on money due or to become due on any contract, and when there is no express contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum. There does not appear to have been any contract or agreement in writing

between the defendant and the sureties as to the repayment of the money they might be compelled to pay as such sureties, or fixing any rate of interest to which they should be entitled upon the money they might thus be compelled to pay, and in the absence of any agreement in writing they would not be entitled to recover interest at a rate greater than ten per cent. per annum. The rate of interest in the note does not affect the question, because the note, or the judgment rendered on it, is not the contract sued on, but it is the implied contract, that the defendant shall pay to his sureties the amount paid by them for his use, that forms the basis of the action.

It follows that the Court erred in rendering judgment for a sum including interest at a rate exceeding ten per cent. per annum. The excess amounts to one hundred and six dollars and fifty cents, and it should have been for two hundred and seventy-four dollars and seventy-eight cents instead of three hundred and eighty-one dollars and twenty-eight cents.

The judgment is therefore reversed and the cause remanded.

Afterwards, on motion of the respondent, and upon his remitting the excess of the judgment, the same was amended and reduced to the sum of two hundred and seventy-four dollars and seventy-eight cents, and affirmed as thus amended, with a judgment in favor of the appellant for the costs of the appeal.—REPORTER.