ADAM WENGER v. I. A. TAYLOR et al.

1. STATUTE — *Rule of Construction.*  The general rule in the construction of a statute is, that force and effect must be given to all sections of a statute, if the same can be done without destroying the effect, intent and object with which it was enacted; and all sections of the same act must be construed in harmony with each other, so that no part shall be held as superfluous.

2. INTEREST; *Written Agreement, When Necessary.*  No contract for the payment of interest in excess of seven per cent. per annum can be enforced except such contract be in writing.

*Error from Lyon District Court.*

ACTION brought by *I. A. Taylor* against *Adam Wenger,* Mary Wenger and the Hartford Bank.  Trial by the court,

which made special findings of fact and conclusions of law. The facts as found by the court are substantially as follows: On the first day of March, 1879, I. A. Taylor and Adam Wenger were equal partners under the firm-name of Taylor & Wenger, and the firm was the owner of a flouring mill in Hartford, Lyon county. At that time the firm, having no money to bear the expenses of running and carrying on the mill business, entered into a verbal contract that Taylor should take charge of and operate the mill and manage the business in connection therewith, and procure the necessary money to carry on the business, and that they should share equally the expenses and profits; Taylor to receive one dollar a day for his services in the management of the business, and also to receive 12 per cent. interest per annum on all moneys that he should advance of his own to the firm for the purpose of carrying on the business; that in pursuance of said agreement Taylor took charge of the mill and operated and managed all its business until the 7th day of October, 1882, at which time Taylor sold a half-interest to John Pennybacker, and thereafter the business was operated in the firm-name of Taylor, Wenger & Co. The old firm of Taylor & Wenger was not dissolved, and no settlement was made of their firm business. By virtue of said verbal contract, and in operating said milling business by the firm of Taylor & Wenger, Taylor advanced to the firm for Wenger large sums of money, amounting in all, with interest at 12 per cent. up to the time of the trial, to $3,451.20. This sum was made up of the balances that were struck of the firm's accounts from time to time, and from the date of each balance so struck interest was computed thereon at the rate of 12 per cent. The conclusions of law are as follows:

"1. The plaintiff is entitled to interest on each balance stated in findings of fact Nos. 4 and 5, from the date thereof to the present date, February 8, 1887, at the rate of 12 per cent. per annum, which amount aggregates the sum of $2,613.64.

"2. The plaintiff ought to recover from the defendant Adam Wenger one-half of the aggregate sum of said principal and interest, and in addition thereto one-half the amounts stated in conclusions of fact Nos. 6 and 7, making a total sum

of $3,451.20, which amount ought to be made a lien on de-
fendant's property in said bank aforesaid.

"3. Adam Wenger ought to pay the one-half of the firm's
indebtedness as stated in the findings of fact Nos. 8 and 13,
or indemnify I. A. Taylor from loss on account thereof."

On the foregoing findings the court, on February 22, 1887,
rendered judgment against *Wenger* for $3,451.20, to bear in-
terest at the rate of 12 per cent. per annum. To modify this
judgment, the defendant brings the case here.

*Peyton, Sanders & Peyton,* for plaintiff in error.

*Kellogg & Sedgwick,* and *Scott & Frith,* for defendants in
error.

Opinion by CLOGSTON, C.: The correctness of the amount
found due the plaintiff below is not questioned, the only con-
troversy being the rate of interest allowed by the court thereon.
Plaintiff in error contends that the rate of interest fixed by
statute on all contracts not in writing is 7 per cent., while the
defendant in error contends that all contracts for interest, either
verbal or in writing, may be enforced at a rate not to exceed
12 per cent. We incline to the former view. This question
must be determined by a construction of the statute on inter-
est. Section 1 is as follows: "Creditors shall be allowed to
receive interest at the rate of seven per cent. per annum, when
no other rate of interest is agreed upon, for any money after
it becomes due," etc. Section 2 is as follows: "The parties
to any bond, bill, promissory note, or other instrument of
writing for the payment or forbearance of money, may stipu-
late therein for interest receivable upon the amount of such
bond, bill, note, or other instrument of writing; *provided,*
that no person shall recover in any court more than 12 per
cent. interest thereon per annum." (Comp. Laws of 1885,
ch. 51.) In construing this statute, force and effect must be
given to both sections, if the same can be done without de-
stroying the effect, intent and object for which they were en-
acted; and if such a construction can be given, it ought to be
adopted. "It is a uniform rule of construction that one part

of a statute should be construed by other parts of the same statute, so that if possible no clause or part shall be treated as superfluous, and especially when the two are parts of the same section." (*Judd v. Driver*, 1 Kas. 455. Also, see *Points v. Jacobia*, 12 id. 50; *Bridge Co. v. K. P. Rly. Co.*, 12 id. 409; *The State v. Young*, 17 id. 414; *Comm'rs of Pottawatomie Co. v. Morrall*, 19 id. 141; *Gardenhire v. Mitchell*, 21 id. 88.)

Also, what was the object to be attained, and what evils would be remedied by this enactment, must be considered in its construction. Without some statute regulating interest on money, any rate agreed upon may be enforced. The object and intent of the legislature was to restrain and prevent the recovery of interest in excess of some given amount, fixed either by statute or the contract of the parties, and the rule of construction adopted is that when the intent is ascertained, it governs. (*The State v. Bancroft*, 22 Kas. 170; *Intoxicating-Liquor Cases*, 25 id. 751.) To give this section the construction contended for by the defendant in error, would give effect to § 1, but would leave § 2 without force. If § 1 is so interpreted, then any verbal contract would be sufficient, upon which interest in excess of 7 per cent. could be collected, but not to exceed 12 per cent.; and if interest can be collected upon a parol contract, what use have we for § 2 ? for it will not be denied that what can be done under a parol contract can be done under a written agreement. Therefore all of § 2 would be useless and superfluous except the proviso thereto. While on the other hand, by giving both sections force — that is to say, construe § 1 so that only 7 per cent. interest can be received, except where the parties agree upon a different rate in excess of 7 per cent. in the manner indicated by § 2. In other words, that the legislature intended to impose a limitation upon the enforcement of all contracts for interest in excess of 7 per cent., unless the parties contracted therefor in writing, and in no case to exceed 12 per cent.

This construction is in harmony with the whole chapter on interest. The supreme court of California, under a statute of one section, which in terms substantially uses the same language

as is contained in both §§ 1 and 2 of our statute on interest, held that said section meant that all contracts for interest in excess of the legal rate must be in writing. (*Smith v. Johnson*, 23 Cal. 63.) In most of the other states provisions are made by statute that such contracts, to be enforced, must be in writing. It is therefore held that before a contract can be enforced for interest in this state in excess of legal interest, such contract must be in writing.

It is therefore recommended that the cause be remanded, with an order to the court below to modify the judgment in conformity to the views herein expressed.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J., dissenting.