# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1898.

## Jasper Dyer v. C. W. Brown and Minerva Brown.

1. MORTGAGEE—*In Possession—Must Account for the Rents and Profits.*—A mortgagee in possession of mortgaged premises is chargeable with the reasonable value of the use and occupation thereof.

Foreclosure, of an equitable lien. Trial in the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Decree for complainant; appeal by complainant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899. Rehearing denied.

**Statement of the Case.**—On June the 6th, 1892, C. W. Brown and Minerva Brown, as Brown & Co., purchased from Bartlett, Kuhn & Co., their grain plant at Levington, Illinois, consisting of grain office, scales, elevator or dump cribs and bins situated on the right of way of the T. H. & P. R. R. Co., under a lease from it to them.

The consideration for the purchase was $1,650; and Brown & Co. secured eighteen farmers and business men of Levington to assist them, to the extent of raising $1,500 of the price paid.

The men who thus assisted Brown & Co. appointed three of their number to act as trustees for all; and they, when the bill of sale for the plant came, it being from Bartlett, Kuhn & Co. to Brown & Co., had Brown & Co. indorse thereon an assignment of the same to them as such trustees;

and they then took possession thereof and claimed to hold the grain plant as security for the $1,500 of purchase money that had been thus put into it.

These men paid the $1,500 as follows: $1,000 cash and their note for $500 due in one year. Brown & Co. were in possession when the bill of sale came; and by a verbal agreement between them, Brown & Co. were to pay all taxes, insurance and repairs on the plant, and $300 each year thereafter, until these men were reimbursed the $1,500.

When the $500 note become due, the same was paid by assessments made on the eighteen men; but Brown & Co., a short time thereafter, paid that back to them. About fifteen months after the bill of sale was made, two of the trustees made an assignment on the back thereof, of all their interest therein, to Jasper Dyer, the appellant, who was the other trustee; after which assignment Dyer paid, from his own funds, seventeen-eighteenths of the $1,000 to the remaining seventeen.

Brown & Co. still continued in possession, paying all taxes, insurance and repairs, and claiming to own the plant. In the fall of 1896, Dyer instituted a replevin proceeding against Brown & Co. for the grain plant; which suit is still pending.

Since the beginning of the replevin suit Dyer has held possession of the property under a writ of replevin issued in the replevin suit, claiming to own it. Brown & Co., within fifteen months after the bill of sale had been turned over to the eighteen men, paid $650 of the original purchase price, and all the taxes, insurance, interests and repairs on the plant.

Dyer, being in possession of the property under the replevin writ, and claiming to be the absolute owner of it, files in the Circuit Court of Coles County, this bill in equity, against the appellee, for an accounting for the use and occupation of the plant, and for general relief.

On a hearing the court found that Brown & Co. were indebted to Dyer $406.75, and decreed payment thereof by a

Dyer v. Brown.

short day, and in default, the plant be sold to pay the same. Dyer brings the case to this court by appeal.

Harbaugh & Whitaker, attorneys for appellant.

E. J. Miller and Isaac R. Mills, attorneys for appellees.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was a bill in equity by the appellant against the appellees for an accounting for the use of a grain elevator plant on the right of way of the railroad company at Levington, Illinois, and for general relief.

On the hearing the Circuit Court found that the appellees, Brown & Co., were the owners of the property, and that the contract by which the appellant claimed to own it, only gave him a lien thereon in the nature of an equitable mortgage to secure an indebtedness found by the court to be the sum of $406.75, which the appellees, Brown & Co., owed him, and which amount the court decreed that they pay him within a short day, or in default thereof, that the property be sold to pay the same. From this decree the appellant prosecutes this appeal.

The principal contention of the parties to this proceeding is one of fact; the appellant claiming that he is the owner of this property, by virtue of the provisions of the original contract of sale thereof, the assignments thereon, the verbal agreements made between himself and Brown & Co., and the moneys paid by him on account of the original purchase price of the plant from Bartlett, Kuhn & Co., and insists that Brown & Co. were mere lessees of the plant and not owners thereof; while Brown & Co. claim they became the owners by purchase from Bartlett, Kuhn & Co., and never were the lessees thereof.

The evidence shows, we think, that Brown & Co. did become the owners of this property by purchase from Bartlett, Kuhn & Co., and that the arrangements made between Brown & Co. and the eighteen persons, of whom the appel-

lant was one, by which they furnished Brown & Co. $1,500 of the $1,650 required to purchase the property, in effect was that the eighteen men were to have an equitable lien on the property for the $1,500 they advanced on the purchase price, and which Brown & Co. were to pay them back at the rate of $300 each year until it was paid; and under this arrangement these eighteen men held possession of the bill of sale of this property, for the purpose of giving this lien.

We are satisfied from the evidence that the appellant succeeded to all the rights which all the other seventeen men had in this plant; and that he can enforce in a court of equity his equitable lien in the nature of a mortgage thereon by having it sold to pay the balance of this $1,500 owing to him as their successors.

The evidence further shows that after Brown & Co. had been in the possession of this property for about four and a third years, after such purchase, the appellant replevied the same from them; and under the replevin writ had been in possession thereof when the hearing under the bill took place, for about one and two-thirds years.

The Circuit Court, therefore, properly charged the appellant, as a mortgagee in possession, with the reasonable value of the use and occupation thereof, for the one and two-thirds years; and also properly charged him for the use of some property of the appellees, shown by the evidence to have been in the possession of the appellant, and not included in the equitable lien aforesaid.

Finding no reversible error in the decree herein appealed from, we affirm it.   Decree affirmed.