L. F. WALTER, as Administrator, etc., V. HUMPHREY CALHOUN, *Appellee*, and ED. ANDERSON, *Appellant.*

No. 17,968.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Lost Writing—Copy Made from Memory—Admissible.* Where the original of a writing can not be produced a copy thereof made from memory by one who knew the contents of the original is admissible as secondary evidence.

2. MORTGAGEE—*In Possession—Chargeable with Rental value of Land.* A mortgagee in possession is chargeable with the reasonable rental value of the use and occupation of the premises.

3. ———— *Entitled to Interest on Debt—Chargeable with Interest on Rents.* Where there has been no application of the proceeds of the rents directed by the mortgagor interest should be computed on the indebtedness for the whole period without annual rests, and where the mortgagee is entitled to interest on the debt he is chargeable with interest on the rents.

4. ———— *In Possession — Compensation for Personal Services.* Ordinarily a mortgagee in possession is not entitled to compensation for personal services in the management of the property, but the rule is not inflexible; and upon the facts stated in the opinion it is held that an allowance of ten per cent as commissions for the collection of rents is not inequitable.

51—88 KAN.

5. ABSOLUTE DEED—*Declared a Mortgage—Usurious Interest.*
In a suit to have a deed declared a mortgage and to redeem
therefrom, *held,* that the court properly refused to credit the
mortgagor with usurious interest.

Appeal from Kingman district court. Opinion filed
February 8, 1913. Affirmed.

*A. E. Helm,* of Wichita, for the appellant.

· *Thornton W. Sargent,* of Wichita, and *George L.
Hay,* of Kingman, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a suit which involved other matters
the appellee, Calhoun, filed his answer and cross peti-
tion on December 31, 1904, against Ed. Anderson, and
sought to have a deed absolute in form executed by
him to Anderson on December 15, 1902, declared to be
a mortgage, and for a decree permitting him to redeem.
The court submitted to a jury in an advisory capacity
the question whether the parties intended the deed as
a mortgage and as security for an indebtedness. The
jury answered in the affirmative. Independently of
the verdict, the court came to the same conclusion
which appears to be fully supported by the evidence.

Complaint is made that the court admitted secondary
evidence as primary evidence. The question arose in
this way. Both parties admitted that some kind of
writing was executed by Anderson at the time the deed
was delivered. They differed as to the nature of this
writing which was not and, it appears, could not
be produced. Anderson claimed it was an agency
contract making Calhoun his agent to resell the 400
acres described in the deed. Soon after the original
was made it was left at a bank in Wichita and became
lost or mislaid. Thereafter, and probably as long as
two years from the time the original was executed,
Calhoun made from memory what he testified was sub-
stantially a copy of the contract and it was received

in evidence. The appellant is mistaken in his contention that it was offered or received as original or primary evidence. It was secondary evidence made admissible by proof that it was the best evidence obtainable. (*Deitz v. Regnier,* 27 Kan. 94, 107.) The jury and the court appear to have believed it to be true. It purported to be a contract of defeasance, which taken in connection with the deed absolute on its face, made the transaction a mortgage. Appellee might have testified to his recollection of the contents of the original. The court and jury understood that the writing did not purport to be an exact copy made from the original or authenticated by comparison, but that it showed what the witness recollected as to the terms of the original.

In the accounting between the parties Calhoun claimed credit for the rental value of the land. Anderson wanted to allow only what he claimed to have received from the sale of crops. As a matter of law he was chargeable with the reasonable value of the use of the land. While the amount which he actually received as rents would be some evidence of the reasonable value, it is quite obvious that it would not be conclusive against the mortgagor. The mortgagee in possession must account for the rents and profits and is chargeable with the reasonable value of the use and occupation of the premises. (*Dyer v. Brown,* 82 Ill. App. 17; *Peugh v. Davis,* 96 U. S. 332, 339.)

Anderson, the appellant, contends that the oral contract was that Calhoun was to pay ten per cent interest. The court allowed the mortgagee six per cent, following the case of *Wenger v. Taylor,* 39 Kan. 754, 18 Pac. 911, where it was held that the statute relating to interest (Gen. Stat. 1909, § 4345) permits a higher than the legal rate only where a written contract stipulates for a higher rate. That decision has stood since 1888. In the meantime the legislature has lowered the rate of interest, but has not seen fit to alter the rule.

There was no application of the proceeds of the rent directed to be made by the mortgagor, so that the rule adopted by the trial court that interest should be computed for the whole period without annual rests is correct. It appears that the amount of rents as found by the court never equaled the interest. Of course, if the mortgagee is entitled to interest on his debt the mortgagor should receive interest on the rents. (20 A. & E. Encycl. of L., 1011, 1012, and cases cited.)

There is a cross-appeal in which objection is made to an allowance of $480 to Anderson as compensation for the collection of rents. The allowance was ten per cent of the gross charge for rents. The rule that a mortgagee in possession is not entitled to compensation for personal services in the management of the property is not inflexible even in those states where the rule obtains. (*Turner v. Johnson*, 95 Mo. 431, 7 S. W. 570, 6 Am. St. Rep. 62.) In many jurisdictions commissions are allowed. (11 A. & E. Encycl. of L., 241, and cases cited in note.) In this case the court made what we think was a liberal allowance against the mortgagee for rents for the whole period, especially in view of the lack of evidence tending to show negligence or want of care in handling the property, and the court saw fit to lessen the hardship by allowing appellee compensation for collecting the rents. The allowance under all the circumstances was not inequitable and therefore will not be disturbed.

Another point raised by the cross-appeal is the refusal of the court to credit appellee with usurious interest which he claimed was exacted from him, and to credit him with an additional amount by way of forfeiture. In a recent case (*Live Stock Co. v. Trading Co.*, 87 Kan. 221, 123 Pac. 733) it was ruled in the syllabus that:

"Where a party asks a court to declare a deed to be in effect a mortgage, he may be required, as a condition to receiving such equitable relief, to forego the ad-

vantage of any statutory penalties for the exaction of usury, and to submit to a charge of the principal of the debt and legal interest." (Syl. ¶ 5.)

Complaint is made of the rejection of certain evidence, but there is no showing that it was presented to the trial court in the form of affidavits in support of the motion for a new trial (Civ. Code, § 307), and therefore it will not be considered.

We find no error in the manner in which the court rendered the accounting. The judgment is affirmed.