No. 20,279.

THE MARION COUNTY STATE BANK, *Appellee*, v. LOIS MYERS et al (F. C. THOMAS and WILLIAM SINCLAIR, *Appellants*).

SYLLABUS BY THE COURT.

MORTGAGE IN POSSESSION — *Right of · Foreclosure — Rents.* While a mortgagee in possession must account for the reasonable rental value of the use and occupation of the premises, this obligation does not prevent or necessarily precede foreclosure, but is to be disposed of on final decree and distribution.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed November 11, 1916. Affirmed.

*Roscoe H. Wilson*, of Jetmore, and *Mayo Thomas*, of Elkhart, for the appellants.

*W. H. Carpenter*, of Marion, for the appellee.

The opinion of the court was delivered by

WEST, J.: Lois Myers owned a hotel at Florence on which was a mortgage of $1275. F. C. Thomas made a verbal agreement with Mrs. Myers, through her husband, to take one-half of the property for $3500, subject to the mortgage, and turned over certain instruments which he claims were worth $828, but paid nothing more and received no conveyance. Mrs. Myers borrowed $1500 of the plaintiff bank to take up the existing mortgage and accrued interest, and made a deed to the hotel property and a bill of sale of the furniture to secure the payment, taking back an instrument giving the right to a reconveyance upon payment. Later she and her husband executed a quitclaim deed to defendant Sinclair. Thomas appears to have helped manage the property for a while, but later they all left it and a tenant named Baker had it for a time, having been instructed by Myers to pay the rent to the plaintiff, which was done. This tenant notified the plaintiff that he intended to give up possession and the plaintiff put a tenant in charge, and claiming the rights of a mortgagee in possession brought this suit to foreclose. Mr. and Mrs. Myers made default. Thomas alleged a purchase of a half interest in the property, the payment of $828, refusal of Myers to convey, possession on his part and full notice to the bank of his rights when the $1500 loan was made, and prayed a decree requiring Myers to convey a half interest to him, and in the event this could not be done, that he have a lien for the sum paid by him with interest, and foreclosure.

Sinclair alleged ownership, right of possession and wrongful entry by the bank, and prayed for possession and a judgment for the rental value of the property. The court found for the plaintiff, denied any relief to the defendants, and decreed a foreclosure.

Thomas and Sinclair assign error in refusing specific performance to the former and judgment for rents to the latter.

Sinclair took his deed subject to the bank's lien and there is nothing indicating that he ever had possession. The bank took possession about the first of May, 1913, and Sinclair's quitclaim was executed March 28, and recorded July 14, but the tenant seems to have received his instructions from Myers and

not from Sinclair. It is argued that the bank took possession as owner and was bound to account to the quitclaim holder for the rents and profits, but the president testified that he was "claiming to be the mortgagee now in possession," and this is further evidenced by the bringing of this action. At any rate Sinclair can not complain that the mortgagee, having obtained peaceable possession, applied the rents to its debt. It appears that the bank received no rent from the property after taking possession until the last two months before the trial when it received $30 a month, also that part of the rent money paid by Baker went for repairs, but just how much is not shown. There is nothing to indicate that any of the two months' rent of $30 a month went for improvements or repairs. A mortgagee in possession is chargeable with the reasonable rental value of the use and occupation of the premises (*Walter, Adm'r, v. Calhoun,* 88 Kan. 801, 129 Pac. 1176), and were Sinclair attempting to redeem, the bank would have to account for the rents, but it is not precluded from proceeding with foreclosure nor required to stop every month or two to settle up a rent matter with the quitclaim holder. When the final computation and accounting shall come all matters concerning rents, repairs and improvements can be properly adjusted out of the surplus which the decree requires to be turned into court to await its further orders.

As to Thomas, he does not offer to perform his part of the alleged oral contract or to free the land from incumbrance. While he claims that the bank had notice of his interest, this is denied by the bank's president, and the decision of the court seems to have resolved the matter against Thomas. At any rate the situation is such that he can not in equity stand in the way of foreclosure or demand specific performance, and he does not assign error in refusing him a lien for the $828.

Complaint is made about the cross-examination of Myers over objection of counsel, but the transcript shows that no objection whatever was made.

The decree is affirmed.