Argued April 4, affirmed June 12, 1928. Former opinion modified as to attorneys' fees and petition for rehearing denied October 16, 1928.

## THEODORE M. BERNS ET AL. *v.* JOHN J. BERNS

### ET AL.

(267 Pac. 1033.)

**Mortgages—Defendants in Suit to Foreclose Second Mortgage With Knowledge of Counterclaim by First Mortgagee cannot Question Decree Foreclosing First Mortgage.**

1. Where purchasers of land on execution sale made defendants in suit to foreclose second mortgage had knowledge of filing of answer and counterclaim by first mortgagee and accepted service thereof, but filed no pleading in response thereto, they are in no position thereafter to question decree foreclosing first mortgage, since in such cases, answer of defendant setting up a claim against mortgaged property is to be deemed a complaint or first pleading, and co-defendants should thereafter proceed in analogy with existing statutory provisions for filing pleadings subsequent to complaint.

**Mortgages—Mortgagee must Account for Rental Value of Property to Purchasers on Previous Execution Sale for Period He was in Possession Before Foreclosure.**

2. Where mortgagee was in possession of mortgaged property prior to sale of premises which were sold for sufficient to pay amount of judgment and all costs, he must account to purchasers of such premises on previous execution sale for rental value of property during period he was in possession.

---

Mortgages, 42 **C. J.**, p. 155, n. 93.

2. Liability of mortgagee in possession for rents, see notes in 4 **Am. St. Rep.** 70, 71; 27 **Am. St. Rep.** 793. See, also, 19 **R. C. L.** 334. Application of rents and profits in hands of mortgagee in possession, see note in 3 **Ann. Cas.** 1132. Mortgagee's duty to account for rents and profits or for use and occupation for benefit of owner of equity of redemption or junior lienor, see note in 46 **A. L. R.** 138.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

This is a suit to foreclose a second mortgage on certain real estate in Tillamook County for the sum of $14,000, with interest at 6 per cent per annum from June 28, 1921. The mortgage was dated December 28, 1918, and due sixteen years after the date thereof. This suit was commenced on May 24, 1924, and plaintiff alleges that no interest has been paid on the note secured by the mortgage since the twenty-eighth day of June, 1921. The state land board of the State of Oregon, the holder of the first mortgage for $5,000, was made a party defendant to the suit. The defendants E. D. Johnson and Harry Johnson, by their answer, claimed an interest in and lien upon the land by virtue of a decree entered in the Circuit Court for Tillamook County, wherein these defendants were given a judgment against defendant John J. Berns and Hulda Berns for the sum of $8,611.68, with interest thereon from the ninth day of December, 1921, at the rate of 6 per cent per annum and $299 costs, pursuant to the mandate of this court. See *Johnson* v. *Berns,* 111 Or. 165 (209 Pac. 94, 224 Pac. 624, 225 Pac. 727), upon which decree an order of sale was issued to the sheriff, and the real property described in plaintiff's complaint was sold as upon execution to these defendants for the sum of $5,500, and a certificate of sale duly issued to the defendants Johnson. The state land board filed an answer setting forth its first mortgage and praying that the same be foreclosed. From a decree foreclosing the mortgage of plaintiff and the first mort-

gage of the state land board, defendants E. D. Johnson and Harry Johnson have appealed.

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George Winslow.*

For respondents Walter M. Pierce, Sam A. Kozer and Jefferson Myers, there was a brief and oral argument by *Mr. E. J. Claussen.*

For respondents there was a brief over the names of *Mr. S. S. Johnson* and *Mr. Rogers MacVeagh,* with an oral argument by *Mr. L. F. Callahan.*

BEAN, J.—The Johnsons allege in their answer that prior to this suit the defendant John J. Berns, who is a son of plaintiff, paid plaintiff herein all interest due upon the promissory note described in the plaintiff's complaint up to and including June 28, 1924.

This is the main issue in this suit. A careful reading of the testimony discloses that the defendants have failed to prove that the interest was paid as alleged. The real estate embraced in the mortgages consisted of a dairy ranch upon which thirty or thirty-five cows were kept. It was in the possession of the defendant John J. Berns the most of the time mentioned in the testimony. It is shown John J. Berns received a considerable sum of money during the time from the sale of milk produced on the ranch. However, it is not shown that the plaintiff was paid the interest due on the mortgage.

The plaintiff alleged in his complaint that the state land board by a mortgage theretofore duly executed

in the sum of $5,000 has a first lien against the premises described, and that the same was due and prayed that the mortgage of the state land board be foreclosed, as well as plaintiff's second mortgage. The state land board filed an answer setting up its mortgage and praying that the same be foreclosed. Attorneys for defendants Johnson accepted service of the complaint filed by the state land board.

The appellants assign that the court erred in rendering any decree in favor of the state land board against the appellants. The appellants filed no answer or reply to the answer of the state land board; neither have said defendants tendered any answer at any time. It is contended on behalf of appellants that no summons or order of the court requiring the defendants Johnson to plead to the answer in the nature of a cross-complaint of the state land board was served upon defendants Johnson; therefore, the court exceeded its authority in entering a decree foreclosing the mortgage of the state land board as against the defendants Johnson.

The appellants by their amended and supplemental answer to plaintiff's complaint, in effect, admit that their lien upon the mortgaged premises is subsequent and inferior to the mortgage of plaintiff, and also the mortgage of the state land board. In their prayer for relief they ask that in case the mortgaged property is ordered sold by the court their claim be declared a valid and subsisting claim against said premises, and that the proceeds from the sale thereof be applied to the payment of their claim "after the payment of the mortgage in favor of the state land board and the plaintiff's mortgage."

The appellants, although having notice of the filing of the answer and counterclaim of the state

land board, and having accepted service thereof, filed no pleading in response thereto. The appellants participated actively in the trial. They do not claim to have any defense to the mortgage of the state land board.

1. The appellants are not in a position to question the decree foreclosing the mortgage of the state land board as a first mortgage on the premises. In such cases, the answer of the defendant setting up a claim against the mortgaged property is to be deemed a complaint or first pleading, and his co-defendants should proceed thereafter in analogy with existing statutory provisions for filing pleadings subsequent to the complaint: *Ladd & Tilton* v. *Mason,* 10 Or. 308, 316, 317.

Appellants contend that the court erred in not requiring plaintiff to account for the rents and profits of the mortgaged premises for the time he was in possession thereof as mortgagee. According to the plaintiff's supplemental complaint and the findings of fact made by the trial court, the plaintiff took possession of the real property on or about the first day of May, 1925. And ever since that date has been and now is in the sole and exclusive possession of the premises described in the complaint holding the same as mortgagee. When the trial court indicated that it would render a decree foreclosing the mortgage of plaintiff, the appellants requested the court to require the plaintiff to account for the rents, issues and profits of the mortgaged property for the time that plaintiff had been in possession thereof as mortgagee. The court, without requiring the plaintiff to account therefor in any manner, entered a decree awarding plaintiff the full amount claimed by him in his complaint.

Thereafter plaintiff caused an execution to be issued upon the judgment and decree and caused the real property to be sold to the plaintiff herein for the sum of $25,201.57, the amount of the judgment in favor of the plaintiff and the state land board, together with all costs, attorney's fees and interest to date upon said judgments, the sale being made on the thirty-first day of October, 1925.

2. It is manifest that plaintiff obtained a decree that more of the proceeds of the sale of the premises should be paid to plaintiff than the amount to which he was entitled. The plaintiff should have been compelled to account to appellants for the rental value of the property while he was in possession as mortgagee: 3 Jones on Mortgages (7 ed.), § 1590; *Renshaw* v. *Taylor,* 7 Or. 315; *Cooke* v. *Cooper,* 18 Or. 172 (22 Pac. 945, 17 Am. St. Rep. 709, 7 L. R. A. 273); *Walter* v. *Calhoun,* 88 Kan. 80 (129 Pac. 1176); *Dyer* v. *Brown,* 82 Ill. App. 17.

The record shows that the property is a large dairy farm where about thirty or thirty-five dairy cows are maintained and that the plaintiff had possession during the months of May, June, July, August, September and October. That during said months a large crop of hay was harvested on the premises. We have examined the testimony for the purpose of ascertaining the rental value of the real estate, but are unable to do so. The rental value of the farm and stock thereon, which is not included in the mortgage and upon which the appellants did not claim a lien, is mentioned in the testimony, but the rental value of the real estate cannot be segregated.

Under the circumstances, the first mortgage of the state land board having been foreclosed, and the premises having been sold upon execution, the de-

cree and sale should not be set aside, but in lieu thereof the trial court is directed to require the plaintiff, within thirty days from the entry of the mandate of this court in the Circuit Court, to account for the rents, issues and profits of the mortgaged property received by him during the time he was in possession thereof as mortgagee. The trial court may render a supplemental decree requiring the plaintiff to pay to appellants the amount of such rents and profits. In the event the plaintiff fails to so pay the appellants such rents and profits, within sixty days from the entry of the mandate from this court in the lower court, the decree herein foreclosing plaintiff's mortgage will be reversed.

The appellants complain of the attorney's fees allowed in the suit. The proceedings were lengthy and complicated, involving a large amount of work with which the trial court was familiar. We are unable to say from the testimony that the attorney's fees allowed are unreasonable.

On the condition above mentioned the decree of the trial court will be affirmed.          AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.