Argued December 1, reversed and remanded December 29, 1960

## MILLER ET UX v. ENGELSON ET UX
### 358 P. 2d 276

*William J. Brooks*, Eugene, argued the cause for appellants. With him on the brief were Milligan & Brown, Eugene.

*Edward V. O'Reilly*, argued the cause for respondents. On the brief were Thwing, Jaqua & O'Reilly, Eugene.

Before MCALLISTER, Chief Justice, and ROSSMAN, SLOAN, O'CONNELL and HOWELL, Justices.

O'CONNELL, J.

Plaintiffs brought a suit for the foreclosure of a real property mortgage executed by the defendants. A decree of foreclosure was entered on July 14, 1958. Plaintiffs purchased the mortgaged land at foreclosure sale and took possession. Shortly thereafter plaintiffs leased the land to David C. Malpass, who took possession and began farming operations. During the statutory period for redemption (ORS 23.560) defendants

duly notified plaintiffs of their intention to redeem and demanded an accounting. Plaintiffs filed an accounting and defendants entered objections to it, whereupon a hearing was had after which the trial court entered an order approving the accounting. Defendants appeal from this order.

Defendants' principal objection to the accounting is that it does not credit the defendants with the proper amount of rents and profits from the property sought to be redeemed. ORS 23.560 (3) provides in part that

"The mortgagor or judgment debtor, his heir, devisee or grantee shall be entitled to a set-off, against the amount necessary to be paid to redeem any property subject to redemption, for all rents, issues and profits accruing from the property sought to be redeemed while the same was in the possession of the purchaser * * *."

Plaintiffs' accounting listed as a credit to the redemptioners the sum of $1,000. This $1,000 represents the rent which the plaintiffs charged and received from their tenant, Malpass, to whom they had leased the mortgaged farm during the statutory redemption period. It is defendants' contention that, as a set-off against the amount necessary to redeem, they are entitled to the reasonable rental value of the property during the redemption period and not simply the rental actually received, if the actual rent received is less than such reasonable rental value.

■ Where the purchaser himself takes possession of the property sold on foreclosure he is accountable for the reasonable rental value of the premises. *Reichert v. Sooy-Smith*, 85 Or 251, 257-258, 165 P 1174 (1917), but see opinion on denial of petition for rehearing, 85 Or 258, 165 P 1184 (1917); *Cartwright v. Savage*, 5 Or 397, 399 (1875). Cf., Osborne on Mortgages (1951),

pp 421-425. Where the purchaser rents the property he is accountable only for the rents and profits actually received. *Haskin et al. v. Greene*, 205 Or 140, 158, 286 P2d 128, 286 P2d 137 (1955); *Lytle v. Payette-Oregon Irr. Dist.*, 175 Or 276, 287, 152 P2d 934, 156 ALR 894 (1944); *Wilson v. Crimmins*, 172 Or 616, 623-624, 143 P2d 665 (1943). However, if he does rent the property, he must exercise reasonable diligence and prudence to obtain a reasonable rental and if he fails to do so he is chargeable with the latter amount. Cf., Osborne on Mortgages (1951), pp 422-425. Similar rules of accounting are applicable where the mortgagee takes possession and rents the mortgaged property or occupies it himself. *Reid v. Reid*, 219 Or 500, 348 P2d 29, 38 (1959); *Berns et al. v. Berns et al.*, 125 Or 682, 687, 267 P 1033 (1928); *Renshaw v. Taylor*, 7 Or 315, 325-326 (1879); Osborne on Mortgages (1951), pp 422-425.

■ In the present case the evidence supports the conclusion that plaintiffs exercised reasonable diligence in renting the property. Therefore, this item of accounting is approved.

■ Defendants also filed objections to the accounting on the ground that certain items listed in the accounting consisting of expenses incurred by Malpass, the tenant, in the operation of the mortgaged farm were not proper. These expenses were claimed under ORS 23.560 which requires the redemptioner to pay "any sums necessarily expended by him [the purchaser or his successor] to prevent waste" * * * and "for all sums reasonably expended by him in plowing, cultivating or seeding the premises in the usual husbandlike manner * * *." We have examined the record relating to each of these items and find that all of them, with the possible exception of two, are allowable and that

the amounts claimed are reasonable and supported by the evidence adduced by plaintiffs. One of the possible exceptions mentioned above is the claim for expenses incurred in the repair of a road. It is impossible to determine from the record just what relation the road had to the use of the farm and consequently we are not in a position to decide whether the expenditure would be permitted under ORS 23.560. Plaintiffs contend that the expenditure was necessary to prevent waste, but it does not appear how waste would be caused by allowing the road to remain in a state of disrepair. The second item which apparently is not allowable is an unitemized entry of $56.80 for "repairs." At the hearing, purchaser's attorney stated this item had been withdrawn. However, it is possible that this is a recoverable expense of the tenant. The tenant should have the opportunity of so showing when the accounting is reconsidered by the court below.

■ Defendants also object to the accounting on the ground that it proposes to adjust the respective claims of the redemptioners and the tenant who is not a party to the proceedings. This is a valid objection. Malpass, the tenant, appeared as a witness at the hearing called for the purpose of taking testimony on the various items listed in plaintiffs' accounting, but there is nothing in the record to show that Malpass was a party to the proceedings. Consequently the order of the trial court approving the accounting cannot be binding upon him. ORS 23.560 does not clearly indicate the procedure by which claims are to be presented at the summary hearing before the circuit judge. Subsection (4) of ORS 23.560 provides that the "purchaser or his successors in interest" shall file their claims. "Purchaser" is defined in subsection (5) to include "those holding after him or under him." Thus a tenant of the

purchaser is included within the term and he is permitted to file his claim in the redemption proceeding. His claim is distinct from that of the purchaser at the foreclosure sale and consequently he would not be bound by an order approving the accounting unless he became subject to the jurisdiction of the court. The record does not show that he was so subjected in the present case. His presence in court as a witness did not constitute a general appearance.

Plaintiffs state in their brief that "The trial court recognized the existence of the statutory lien [for the expenses incurred by the tenant] and since the tender of an amount sufficient to satisfy the amount of the lien had been made by defendants prior to the hearing, the trial court ordered payment of the entire amount in order to terminate the proceedings * * *. The redemptioners regained the property free of any lien and the lien holder was paid." The record does not show that Malpass was paid and we cannot assume that he was. If he was not, he would have a lien upon the land in question. ORS 23.560(3).

The cause must be remanded for such proceedings as will be necessary to make Malpass a party to the proceeding and to effect a proper accounting. We have already indicated that claims for all items except for the repair of the road and the general item of $56.80 for "repairs" are entitled to approval. If, in the presentation of his claim, Malpass can establish that the expenses for road repair were incurred for any of the purposes set forth in ORS 23.560 he is entitled to compensation for that as well. The same is true with respect to the general item for "repairs." Neither party shall recover costs.

Reversed and remanded for further proceedings consistent with this opinion.