Argued April 27, affirmed July 18, reconsideration denied August 24, petition for review denied October 11, 1977

In the Matter of Hollingsworth, Julie, Minor Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent,*

*v.*

SCUDDER, *Appellant.*

(No. 53,038, CA 7644)

566 P2d 551

James Scudder, Portland, argued the cause and filed the brief for appellant.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

On December 7, 1976 the juvenile court determined that appellant's daughter, 16 years of age, was within its jurisdiction by virtue of the fact that she had committed an act which if done by an adult would have constituted a violation of the law, had run away from home, and was beyond the control of her parents.[1] Based upon that determination the court issued an order placing the child in the legal custody of the Children's Services Division and requiring appellant both to make monthly payments of $50 for her support, with the first payment due "on or before January 1, 1977," and to transmit to the court "all sums" received from the child's father, appellant's former spouse.

While ORS 419.513 specifically authorizes the juvenile court to compel the parents of children found to be within its jurisdiction to contribute towards their support,[2] a prerequisite to the exercise of that authority is the service of summons upon the parent to be so charged.[3] It is undisputed that appellant had not been served as required by statute prior to the entry of the December 7 order.

---

[1] ORS 419.476(1)(a), (b) and (f).

[2] "The court may, after a hearing on the matter, require the parents or other person legally obligated to support a child found to be within the jurisdiction of the court to pay toward the child's support such amounts at such intervals as the court may direct. The court, in determining the amount to be paid, shall give due regard to the cost of maintaining the child, the financial resources of the parent or other person and the other financial demands on the resources of the parent or other person. Unless otherwise ordered, the amounts so required to be paid shall be paid to the county clerk for transmission to the person, institution or agency having legal custody of the child." ORS 419.513.

[3] "If the child is before the court, the court has jurisdiction to proceed with the case notwithstanding the failure to serve summons upon [a parent or other person legally designated to support the child], except that:

"* * * * *

"(2) No order for support as provided in ORS 419.513 may be entered against a person unless that person is served as provided in subsection (1) of ORS 419.488." ORS 419.492(2).

[ 133 ]

Arguing that as a consequence of the absence of any service whatsoever the court had exceeded its authority when it incorporated the support provisions into its disposition order, appellant subsequently filed a "special appearance; affidavit," dated December 13, 1976, in which she moved to have those provisions set aside. On January 3, 1977 appellant was served with a summons which both directed her to appear before the juvenile court on January 6, 1977

"* * * in connection with the * * * matter [concerning her daughter], in which it is alleged that the said child is within the jurisdiction of the Court[,] by reason of a special appearance; affidavit, filed 12-14-76,"

and provided that:

"Pursuant to a hearing at said time, the Court will make a disposition of said child and the circumstances under which she resides as appears to the Court appropriate under the circumstances * * * and such provision for said child's support by those responsible therefor as is equitable under the circumstances."

On January 12, 1977 the court issued a second order "reaffirming" the order of December 7, 1976 in its entirety, "nunc pro tunc January 6, 1977."

While the summons served on January 3, 1977 appears to have been adequate to establish the court's jurisdiction to impose a support obligation pursuant to ORS 419.513,[4] the order subsequently "reaffirmed" specifically provided not only that appellant would be responsible for making a monthly contribution of $50 beginning in January 1977, but also that the first payment was "due on or before January 1, 1977." (Emphasis supplied.) Because the court had not yet acquired jurisdiction over appellant on January 1, 1977, to the extent that the order "reaffirmed" pur-

---

[1]Neither appellant's physical presence at the initial hearing on December 7, 1976 nor the filing of a "motion and affidavit of prejudice" requesting that the judge who had entered the original order be excluded from ruling on her motion to have the support provisions of that order set aside constituted a "voluntary appearance" obviating the need for service of summons. *Thoenes v. Tatro,* 270 Or 775, 529 P2d 912 (1974); *Miller et ux v. Engelson et ux,* 225 Or 300, 304-05, 358 P2d 276 (1960).

ported to create a legal debt due and payable on that date it was void. We construe the "reaffirmed" order to require payment commencing with the date of the hearing on January 6, 1977.

Affirmed.