# REPORTS OF CASES

# SUPREME COURT,

## DECEMBER TERM, 1875.

### EDWIN CARTWRIGHT, Appellant, v. ALFRED SAVAGE, Respondent.

Sheriff's Sale—Rights of Purchaser.—A purchaser at sheriff's sale may enter, use, and occupy the premises sold. Such use must be for such ordinary purposes as the premises can be put to during the time he is in.

Idem—Effect of Redemption.—If the premises are redeemed, the effect of the sale is terminated, and the premises must be restored to their original condition.

Idem—Growing Crops.—When the judgment debtor redeems, he may recover the value of a crop growing upon the land at the time of the sale, and harvested by the purchaser while in possession.

Appeal from Marion County.

The facts are stated in the opinion of the Court.

*A. C. Gibbs and J. C. Cartwright*, for Appellant.

The statute does not permit the purchaser to keep rents and profits after his judgment is fully paid.

The effect of the redemption from execution sale, by the judgment debtor, is to terminate the sale and restore the property to its original condition. (Rorer on Judicial Sales,

§ 955; 18 Iowa, 474; 16 Id. 399; 14 Id. 128; 7 Minn. 432; 3 Barb. 70.)

*Boise & Willis,* for Respondent.

The right of possession carries with it the right to all the rents, issues, and profits. (Civ. Code, § 304; 31 Cal. 294; 13 Id. 516; 8 Id. 595; 17 Id. 597.)

By the Court, McARTHUR, J. :

This is an action brought by Cartwright to recover from Savage a certain sum of money, alleged to be the value of a crop of wheat, grown upon certain lands, which are duly described. It appears from the complaint that the land upon which the said wheat was grown, and from which it was harvested by Savage, was mortgaged by Cartwright to Savage in November, 1871; the mortgage was foreclosed and the land sold to Savage, at sheriff's sale, on July 26, 1873, under the decree of foreclosure. Cartwright was then the legal owner of the land, and entitled, under the statute, to redeem the same, and did redeem before the time allowed by the statute for redemption had expired. After Savage had purchased, and before Cartwright redeemed, he, Savage, cut and took from the land a crop of wheat, alleged to have consisted of two thousand and sixty bushels, which was growing on the land at the time he purchased. The value of the said wheat is alleged to have been $2333.45, and this amount Cartwright seeks, in this action, to recover. To this complaint a demurrer was interposed, and, after argument, was sustained. The plaintiff, standing by his complaint, judgment was entered accordingly, and from said judgment this appeal is taken.

The question to be determined is, whether or not the purchaser at a sheriff's sale, from the day of sale until the redemption, is entitled to the crops growing upon the land purchased. Section 304 of the Code regulates the matter of the possession of property sold upon execution issuing out of courts of law, and the same section applies to sales under decrees in equity. The section reads as follows: "The purchaser, from the day of sale until resale, or a re-

demption, and the redemptioner, from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and, in such case, shall be entitled to receive from such tenant the rents, or the value of the use and occupation thereof, during the same period."

It is clear that Savage was entitled to the possession of the property, for it was not in the possession of a tenant holding under an unexpired lease. By virtue of this right of possession, a purchaser at a judicial sale may enter and use and occupy the premises, and thereby preserve the premises intact, and better prevent waste and destruction. If the premises are agricultural lands, the use must be for such ordinary purposes of husbandry as the premises could be put to during the time of his possession. He has no absolute legal right in and to the premises until the confirmation of the sale and the execution of a deed by the sheriff. It is well settled that if redemption be consummated, the effect of the sale is terminated, and the property is restored to its original condition. How can the property be said to be restored to its original condition, if, when redeemed, the judgment debtor is obliged to take it back, denuded of the crops which he himself has sown, and which, but for the accidental circumstance that the sale was made just before harvest, he himself would have reaped? We do not think that the section above quoted can properly be construed to give the purchaser any greater rights in the premises, in case there is no tenant, than where there is a tenant holding under an unexpired lease. In the latter case, all the purchaser could claim would be the rents, or the value of the use and occupation; and in the former case he is entitled to enter into possession, and use and occupy the premises for such purposes as they can ordinarily be put to during the time he is in.

It follows, from this view, that the court below erred in sustaining the demurrer and entering judgment. Therefore, the judgment is reversed, and the cause remanded for further proceedings.