## BALFOUR et al. v. ROGERS et al.

### (Circuit Court, D. Oregon. December 17, 1894.)

### No. 1.986.

1. EXECUTION SALE—REDEMPTION—MESNE PROFITS—OREGON STATUTE.
   The statute of Oregon, relating to execution sales of land, provides that "the purchaser, from the day of sale until resale or a redemption, and the redemptioner, from the day of his redemption until another redemption, shall be entitled to the possession of the property * * *, unless the same be in possession of a tenant * * *, and, in such case, * * * to * * * the rents * * *." 1 Hill's Ann. Laws, § 307. *Held*, that the right to receive rents and profits under this statute does not imply that what is thus received can be retained by the purchaser in case of a redemption, but in all such cases the product of the property must be accounted for to the redemptioner.

2. PLEADING—PRAYER FOR RELIEF.
   Where there is no obstruction to the particular relief prayed, the plaintiff cannot abandon that and ask a different decree under the general prayer.

This was a suit by Robert Balfour and others against R. J. Rogers and others for the foreclosure of a mortgage. The case was heard upon a stipulation of facts.

Frederick V. Holman, for complainants.

John M. Gearin, for defendants.

BELLINGER, District Judge. This is a foreclosure suit brought by complainants to foreclose a mortgage for $20,000 executed by the defendants Rogers and wife and Williamson and wife. It appears that, immediately prior to the execution of the mortgage in suit, attachments were levied on the mortgaged property, which was subsequently sold upon execution in the attachment suits. The complainants, to protect their mortgage, acquired the rights of the purchaser at such sale by an assignment of the certificate of sale from the defendant Scriber, who had acquired it from the purchaser. The sale was confirmed to Balfour, Guthrie & Co., but the order of confirmation was afterwards corrected by substituting the names of the complainants, Robert Balfour, Robert Brodie Forman, and Alexander Guthrie for that of Balfour, Guthrie & Co. Within the time fixed by statute in which redemption may be made, the mortgagors conveyed to Scriber the mortgaged premises, excepting 320 acres thereof, describing in their deed the estate or interest conveyed as their "equity of redemption" in the premises which were particularly described. Thereafter Scriber made redemption by paying to the sheriff the amount required for such purpose. In the meantime complainants, while in possession of the premises, collected $1,660.81 insurance money for loss on the premises, of which they expended $489.92 in repairs on the insured building. They also received $1,320.49 from rents and profits of the mortgaged property, of which $27.93 was expended in repairs. The complainants pray that an accounting be had, and the amount due them on their note and mortgage, and on account of insurance, and of the purchase of the certificates of sale by them, be ascertained, and that the mortgagors be decreed to pay such amount, with their costs and attorney's fee in the foreclosure; that their mortgage be foreclosed, and the proceeds of such foreclosure sale be applied in payment of the amount so found due; that the amount paid by complainants in purchase of the title derived from the sale in the attachment suits be decreed to be a lien on the property prior to all other liens. They also pray for the appointment of a receiver, and for general relief.

The case was heard upon a stipulation of facts, nearly all of which are immaterial to any question in the case. It is argued on behalf of complainants that Scriber was without title to redeem; that the description in the deed to him of the title conveyed as "the equity of redemption" in the lands described is insufficient; that the deed purports to be for the benefit of certain of the grantors' creditors, and, not appearing to be for the benefit of all such creditors, is void; that Scriber's notice of redemption was insufficient, because it was addressed to Balfour, Guthrie & Co., whereas it should have been to the complainants as named in this bill; that the redemption was

also ineffective because Scriber did not redeem as to all the land, and for the further reason that he redeemed in his own name, instead of doing so as trustee. If all these various matters were proper to be considered, they would not be effective to defeat the right of Scriber in the property subject to the lien of complainants' debt. By the term "equity of redemption," the grantors undertook to convey all their estate in the premises subject to complainants' lien. It is not a technically accurate description of a mortgagor's title, under a statute like that of Oregon, where the legal title remains in the mortgagor and the mortgagee's interest is a mere chattel, but it is a perfectly well understood and popularly accepted description of such title. If the deed appeared to be for the benefit of only a part of the grantors' creditors, the omitted creditors would be the only persons to complain. A party not affected by the preference could not do it. The notice to redeem was served upon Balfour, Guthrie & Co. instead of complainants, presumably because of the fact that the confirmation of sales made in the attachment suits was made to such apparent company, instead of being made to complainants by their individual names. It is not pretended that the complainants did not in fact have notice; that the notice to them as a partnership did not reach them as individuals. This objection is a mere quibble; and the same thing deserves to be said of the objections that Scriber did not describe himself as trustee in making redemption, and did not redeem as to all the property, although he paid all that was necessary to redeem the whole. But these objections have nothing to do with the case. As already stated, the complainants pray for an accounting, and that the purchase price of the certificate of sale held by them be decreed a lien upon the land to be paid with their mortgage debt out of the proceeds of the sale of the land. There is no issue as to this. The only question in the case is one of law,—whether complainants are entitled to retain the money derived from the property while it was in their possession. The various objections argued in complainants' behalf, going to Scriber's right to redeem, do not obstruct the particular relief prayed for by them; and, where there is no obstruction to the particular relief prayed, the plaintiff cannot abandon that, and ask a different decree under the general prayer. 1 Daniell, Ch. Pr. 379, note.

The statute provides that "the purchaser from the day of sale until resale or a redemption, and the redemptioner, from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in possession of a tenant under an unexpired lease, and, in such case, shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."[1] The right to receive rents and profits under this section does not imply that what is thus received need not be accounted for in case of redemption. In Cartwright v. Savage, 5 Or. 397, it is held that, when a judgment debtor redeems, he may recover the value of a crop growing upon the land at the time of the sale and harvested by

[1] Hill's Ann. Laws, § 307.

the purchaser while in possession. It follows that the product of the property must in all cases be accounted for to the redemptioner. It is not the policy of the statute to give the creditor more than his debt, with interest and proper charges.

The complainants in this case will be charged with the amounts received by them as stipulated, less what has been expended by them for repairs. The money paid by them in purchase of the certificate of sale is in the sheriff's hands subject to their order. It is not necessary that there shall be any decree as to that. The foreclosure will be decreed as prayed, and an allowance made of $500 for attorney's fees therein.