Argued June 6, reversed and remanded on appeal of defendant June 26, rehearing denied July 24, 1917.

## REICHERT v. SOOY-SMITH.*

(165 Pac. 1174, 1184.)

Mortgages—Mortgagee in Possession—Compensation for Improvements.

1. Purchaser of an orchard at mortgage foreclosure sale cannot, after the debtor has redeemed the property, recover his expenses and the value of his services in attempting to eradicate pear blight from the orchard, since, under Section 248, L. O. L., as to manner of redemption, debtor is not required to pay such purchaser the moneys necessarily expended by him in preserving the estate from loss and injury.

---

*On right and duty of mortgagee in possession as to repair or improvement of property, see note in 49 L. R. A. (N. S.) 122.

REPORTER.

Mortgages—Redemption—Use and Occupation.

2. Redemptor may recover of purchaser at foreclosure sale the reasonable value of the use and occupation of the premises during the time they were in his possession, without regard to what purchaser may have realized therefrom.

Mortgages—Use and Occupation—Setoff.

3. Purchaser of land at foreclosure sale may setoff against reasonable value of use and occupation of premises during time they were in his possession money spent in care and cultivation of property and in protecting it from deterioration, together with reasonable value of his own services in such work.

> [As to purchaser of mortgaged property subject to redemption as having an "interest" in property, see note in **Ann. Cas.** 1912E, 526.]

Mortgages—Mortgagee in Possession—Compensation for Improvements.

4. A purchaser of an orchard at mortgage foreclosure sale cannot, after redemption, recover of judgment debtor his expenses in cultivating it, under Section 249, L. O. L., which requires restoration of debtor to his estate on redemption, as there is no counterpart to this in the Code whereby purchaser may charge judgment debtor with disbursements in operating the premises.

Mortgages—Redemption—Use and Occupation.

5. Judgment debtor, on redemption, has no right of action against purchaser at mortgage foreclosure sale for mere use and occupation, but only for actual profit he has made out of the property through use: Section 251, L. O. L.

From Jackson: FRANK M. CALKINS, Judge.

Action by S. F. Reichert against Josephine Sooy-Smith in which a judgment was entered on the verdict of a jury and defendant appealed. Reversed and remanded.

Department 1.   Statement by MR. JUSTICE BENSON.

A mortgage upon a certain orchard of 19 acres having been foreclosed in the regular way, one F. L. Tou Velle became the purchaser at execution sale and thereafter the plaintiff bought from Tou Velle all of his interest in the premises. Plaintiff entered into possession of the property, cultivated, pruned, sprayed and otherwise cared for the fruit trees for

nearly a year and, having harvested the crop, received therefor the gross sum of $166.89. A few days before the expiration of the year following the confirmation of the sale, the defendant redeemed the property by paying the amount of the purchase price with 10 per cent interest and resumed possession of the premises. Thereafter plaintiff began this action to recover the expenditures and services in caring for the orchard during the time that he was in possession as such purchaser. The portions of the complaint deemed important in the consideration of the case are as follows:

"That said premises, and the whole thereof, constitute an orchard tract, and at the time of said sale, and ever since said time, have had, and now have growing thereon, certain pear, apple, peach, plum and cherry trees, most of which are now in bearing, producing fruit of a commercial nature, character and quality, and of the age of from 6 to 18 years.

"That at the time the plaintiff entered into possession of said premises herein described, and sold upon foreclosure sale as aforesaid, said orchard and fruit trees growing thereon were in a very bad, decayed, misused, neglected, wasted, rundown and dilapidated condition, and many of said fruit trees in said orchard and upon said premises were affected and afflicted with a disease, commonly known as 'pear blight.' That said disease was and is very destructive and injurious to fruit trees, and in order to eradicate, cope with and get rid of the same it is and was necessary to cut out part of the limb or tree so affected.

"That at the time said plaintiff took possession of said premises said fruit trees were badly in need of spraying, the ground in said orchard was badly in need of cultivation and said fruit trees, said ground in said orchard and said orchard were badly in need of various cares and practices necessary in the offices of good husbandry. * *

"That during the time of the plaintiff's possession of said property, and on or about March 25, 1914, he was notified by one Elmer Oatman, who at said time was a fruit inspector of Jackson County, Oregon, that certain fruit trees situated upon said premises herein described were affected, and afflicted with said 'pear blight,' and were a menace to the community, and that steps must be taken by the plaintiff to eradicate said evil, to wit: said 'pear blight,' either by taking out the trees, or cutting out and off the limbs or other parts of those trees so affected, and upon failure upon the part of the plaintiff so to do, he the said fruit inspector would take these necessary and proper steps himself, and the cost of the same would thereby become a lien and charge against said property.

"That the plaintiff immediately complied with said order, and said instructions and began to cut out said 'pear blight' wherever and whenever he found the same in said orchard, and in said fruit trees, and attempted to eradicate the same as well as possible.

"That from said March 21st, 1914, the date when plaintiff entered into possession of said premises, and up to March 26, 1915, the date when he surrendered the possession thereof to the redemptioner, said defendant herein, plaintiff was forced to expend, and did expend in cultivating, taking care of said fruit trees and said orchard, and in eradicating and cutting out said blight, as aforesaid, and in the purchase of materials for use upon, and which were used upon said fruit trees, and upon said orchard, spraying, etc., the full sum of $574.45. That the real and reasonable value of plaintiff's own services in cutting out said blight, cultivating, taking care of said orchard and fruit trees, spraying, etc., was and is the sum of $500. That each, every and all of said services so rendered, and performed, whether by the plaintiff himself, or whether performed by someone else, for which he paid, and said material so used, were necessary, proper and needful in the care and management of said orchard and said fruit trees and

said premises, and were and are in accord with the practice of good husbandry, and greatly and materially assisted and benefited said orchard, said premises and said fruit trees, and without the same said orchard and fruit trees would now be practically worthless and of no value as a commercial orchard or otherwise. That the plaintiff received from the sale of fruit taken from said orchard, and said fruit trees growing thereon, the full sum of $166.89, leaving a balance in the sum of $907.56 due plaintiff for his work, labor, services so rendered and performed and amount expended in the care, cultivation, cutting out blight, spraying and for materials furnished and provided as aforesaid.

"That no part of said sum of $907.56 has ever been paid, but the whole amount of which is due and owing unto the plaintiff herein from said defendant Josephine Sooy-Smith, and which should be paid by the said defendant Josephine Sooy-Smith."

Defendant demurred to the complaint upon the ground that it does not state a cause of action. The demurrer being overruled, an answer was filed consisting of admissions and denials, and a counterclaim of $1,000 for the use and occupation of the premises.

Plaintiff demurred to the counterclaim and, although the demurrer was not directly passed upon, the court sustained objections to the admissibility of any evidence in support thereof. A reply having been filed a trial to a jury was had resulting in a verdict and judgment for plaintiff in the sum of $418.72, and both parties appealed.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Lincoln McCormack.*

For respondent there was a brief and an oral argument by *Mr. George M. Roberts.*

Mr. Justice Benson delivered the opinion of the court.

1. We shall first consider the demurrer to the complaint, the overruling of which is assigned as error. This pleading was evidently framed and the cause was tried upon the theory that the purchaser of real property at an execution sale stands in the shoes of a mortgagee in possession, and is therefore entitled to recover from a redemptor the moneys necessarily expended by him in preserving the estate from loss and injury. If this theory were correct, we might hold the complaint sufficient to justify an accounting and recovery of such moneys as had been necessarily expended in the preservation of the estate; but, unfortunately, the purchaser at an execution sale does not bear such relation to the property, except in the sense that he may retain possession thereof until the redemptor has paid the sums specified in the statute. The true doctrine is thus expressed in 2 Jones on Mortgages (6 ed.), Section 1051b:

"If the purchaser at a foreclosure sale has paid the purchase money and there is a subsequent redemption, his rights are determined by treating him as a mortgagee in possession *to the extent of the price paid by him with interest,* and must account for the rents and profits."

The statute relating to redemption reads thus:

"The judgment debtor, or his successor in interest, may, at any time prior to confirmation of sale, and also within one year after confirmation of sale, redeem the property on paying the amount of the purchase money, with interest thereon at the rate of ten per cent per annum from the date of sale, together with the amount of any taxes the purchaser may have been required to pay thereon": Section 248, L. O. L.

The case of *Higgs* v. *McDuffie,* 81 Or. 256 (157 Pac. 794, 158 Pac. 953), makes it clear that such redemption is not from the mortgage, but from the sale. If there were no statute, there could be no redemption. In *Doerhoefer* v. *Farrell,* 29 Or. 304 (45 Pac. 797), Mr. Chief Justice BEAN says:

"The right to redeem from an execution sale is a statutory right, and the court can neither increase nor lessen the burden of the redemptioner."

We have been unable to find any authority in conflict with this doctrine. We conclude, therefore, that the demurrer should have been sustained. If this works an injustice, and we think it does, the remedy lies with the legislature and not with the courts.

2. Considering defendant's cross-appeal we observe that the answer pleads a counterclaim of $1,000 as the reasonable value of the use and occupation of the premises during the time they were in the possession of the plaintiff. Under this plea, defendant offered evidence which was excluded by the trial court which ruling was assigned as error. It is stipulated that $166.89 was received by the plaintiff from the sale of fruit, but it does not appear from the stipulation that this is all that was received or that it is all that should have been received for the products of the orchard. Under this state of the record it was error to exclude the evidence offered. 2 Jones on Mortgages (6 ed.), Section 1122, contains the following statement of the correct practice:

"If a mortgagee himself occupies the premises, especially if they consist of a farm under cultivation, upon which labor and money must be bestowed to produce annual crops, he will be charged with such sums as will be a fair rent of the premises, without

regard to what he may realize as profits from the use of it.''

3. Of course the plaintiff should be allowed to offset against such charge such sums as he may have expended in the care and cultivation of the property and moneys expended in protecting it from deterioration, together with the reasonable value of his own services in such work.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent herewith.        REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

———————

Denied July 24, 1917.

PETITION FOR REHEARING.

(165 Pac. 1184.)

On petition for rehearing.   Rehearing denied.

*Mr. George M. Roberts,* for the petition.

*Mr. Lincoln M'Cormack, contra.*

Department 1.   MR. JUSTICE BURNETT delivered the opinion of the court.

4. It will be remembered that this was an action by the assignee of a purchaser at a foreclosure sale to recover from the redemptioner the amount of money expended by the plaintiff in caring for and cultivating the orchard on the premises during his occupancy of the land.   His total claim amounted to $1,074.45 and he credited upon it $166.89, the net amount he had re-

ceived from the sale of fruit grown there during the period he was in possession.   Considering his demand, the court held in substance, speaking by Mr. Justice BENSON, that he had made the expenditures as a volunteer without any request either express or implied or arising by operation of law on the part of the defendant and, hence, there could be no recovery for them.   The petition for rehearing earnestly presses upon us that, independent of the statute, the court should allow the expenses incurred by the plaintiff by analogy to the rule which has allowed the judgment debtor to recover for the rents, issues, and profits accruing between the sale and his own redemption of the premises.   The reason for this favor extended to the one indebted on the decree is found in the statute in these words:

"If the judgment debtor redeem at any time before the time for redemption expires the effect of the sale shall terminate and he shall be restored to his estate": Section 249, L. O. L.

Beginning with *Cartwright* v. *Savage,* 5 Or. 397, the court has consistently held that this means complete restoration to the judgment debtor of his estate including as in that case what the purchaser had actually received from the realty while he had it in his custody. By the redemption the creditor has received his own with interest and such taxes as he may have paid on the holding during his occupancy.   To allow him to take more out of the actual proceeds of the premises would be to sanction extortion permitting him to reap where he had not sown.   By a Socratic argument in the *Cartwright Case* Mr. Justice McARTHUR disposes of the matter thus:

"How can the property be said to be restored to its original condition, if, when redeemed, the judgment

debtor is obliged to take it back, denuded of the crops which he himself has sown, and which, but for the accidental circumstance that the sale was made just before harvest, he himself would have reaped?''

There is, therefore, statutory sanction for returning to the redemptioner the rents and profits accruing between sale and redemption for they are an inseparable adjunct of the estate which is restored to him. No counterpart to this is found in the Code by which the purchaser may pile up disbursements in operating the premises and charge them to the judgment debtor.

5. On the other hand the debtor cannot be permitted to make gain out of the purchaser where the latter has not increased his store because of his possession. Under the *Cartwright Case* and others like it we take it to be established as a principle that if a redemptioner would recover from the purchaser, it must be shown that the latter has actually collected rents due from a tenant whom he found in possession or has himself in very truth acquired net profits by reason of his having the land in charge. The statute gives the purchaser the right to the possession of the property from the day of sale until redemption, and that, too, without condition except as against waste as defined in Section 251, L. O. L., hence there can reasonably be no action by the redemptioner against the purchaser for mere use and occupation. The process of passing title by sale under a decree is not fulfilled until the delivery of the sheriff's deed. Pending this the purchaser holds the estate tentatively and must be prepared to restore it, not partly, but completely. He must deliver it without waste; but in the language of Section 251, L. O. L.,

''It shall not be deemed waste for the person in possession of the property at the time of sale, or entitled

to possession afterwards, during the period allowed for redemption, to continue to use it in the same manner in which it was previously used; or to use it in the ordinary course of husbandry; or to make the necessary repairs to building thereon; or to use wood or timber on the property thereof; or for the repair of fences; or for fuel in his family while he occupies the property.''

The expenses the purchaser incurs under this section are for his own benefit and he cannot charge them to the redemptioner. What more of substantial gain he makes out of the property follows the estate as part of it when it is restored to the redemptioner. All his disbursements perchance may come to naught when the redemptioner pays to the sheriff after due notice the amount of the bid plus interest and taxes paid. The utmost that can be said is that for actual profit the purchaser must account, but for no more.

It has been aptly said that we cannot add to the burdens of the redemptioner. Neither can we increase his benefits where none have accrued; and unless he can show that the purchaser while in possession has acquired a net profit there can be nothing due from the latter. In short, the purchaser cannot load upon the redemptioner an amount of expenses which would virtually improve the original owner out of his property. Neither can the latter recover from the former something not realized by the occupation of the premises in excess of the permissible waste allowed by Section 251, L. O. L. The language quoted in the former opinion from 2 Jones on Mortgages (6 ed.), Section 1122, refers to a mortgagee in possession to which situation it must be limited and must be distinguished from the condition where a purchaser has taken charge of the property under the statute. The one who buys

at a sale is a statutory personage, not a mortgagee in possession, although the twain have some common characteristics. When he invests his money it is subject to the legislative enactments governing that species of alienation and he cannot take more than is therein authorized, viz., the amount of his bid with interest and the taxes he has paid. Of course, in ascertaining whether or not there was a net gain the benefit of which accrues to the redemptioner, the matter of offsetting the expenses against the gross receipts might be involved. The conclusion is that the petition for rehearing must be denied.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.