## ZILLER v. BROWER.

(First Division. Ketchikan. February 5, 1919.)

No. 310–KA.

1. Execution ⊂⇒302—Sale—Judgment.

The plaintiff caused an execution to be levied on the real property of his debtor, which was sold thereunder and bought by the plaintiff for the full amount of his judgment. A certificate of purchase was duly issued to him, subject, of course, to redemption as by law provided. The property was in possession of defendant as the tenant of one Koel, who had purchased under a mortgage foreclosure. The plaintiff brought ejectment, claiming the right of possession and damages in the sum of $75 per month rental value. Koel redeemed by paying the full amount of plaintiff's judgment. *Held*, plaintiff was not "entitled to the possession," after having accepted the full amount of his judgment, nor to rents or profits in excess of the total sum due on his judgment.

2. Execution ⊂⇒281—Sale—Redemption—Mesne Profits—Statutes.

The statute of Alaska relating to execution sales of land, section 1126, provides that "the purchaser from the day of sale until a resale or a redemption, and a redemptioner from the day

⊂⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes'

of his redemption until another redemption, shall be entitled to the possession of the property, * * * unless the same be in the possession of a tenant, * * * and in such case * * * the rents." Comp. Laws Alaska, 1913, § 1126. *Held*, that the right to receive the rents and profits under the statute does not imply that what is thus received can be retained by the purchaser in case of redemption, but in all such cases the product of the property must be accounted for to the redemptioner.

**3. Costs ☜48—Execution Sale—Redemption.**

When a judgment creditor purchased the real property of his debtor under execution sale, and brought suit for possession, and subsequently the debtor redeemed by paying the full amount of the judgment, interest, and costs, the action will be dismissed; but, inasmuch as at the time it was brought plaintiff might have been entitled to judgment for possession, the dismissal will be without costs to either party.

This, originally, was an action for possession of real estate and for damages for unlawfully withholding possession.

On October 31, 1912, plaintiff herein recovered a judgment in this court against one P. F. Gilmore. Gilmore soon paid all of said judgment, except $195.66. On December 29, 1917, execution issued for the then balance ($239.50), and the same was duly levied upon certain real estate of said Gilmore in Ketchikan. The property was, under said execution, duly sold on February 28, 1918, to the judgment creditor—plaintiff in the execution and plaintiff here—for $343.-54; that sum being the balance due on the debt, including interest and costs. Certificate of purchase was duly issued on said date, subject, of course, to redemption as by law provided.

The purchaser demanded possession of the property from one Brower, defendant herein, and on possession being denied to him filed his complaint herein on March 7, 1918, wherein he asked for possession of the property and for damages for withholding, alleging that the rental value was $75 per month.

Defendant alleged in his answer that he held possession of the property by virtue of an agreement with one John Koel, who, he said, was the owner of said property under a marshal's deed duly issued, dated November 21, 1916, to Charles H. Cosgrove, said marshal's deed having been issued in pursuance of a decree of foreclosure of a mortgage

theretofore given by the said Gilmore to said Cosgrove, and the evidence showed that under said agreement defendant had made divers and sundry repairs and betterments to an amount exceeding the rental value. Defendant also alleged that since the beginning of this action, and within one year from the date of plaintiff's certificate of purchase, as aforesaid, the said Koel had fully redeemed said property from the said sale by paying to said marshal the amount mentioned in said certificate of·purchase, together with interest and costs, and that plaintiff had accepted the same.

Plaintiff does not deny these allegations. A jury was waived, and the case was tried before the court.

S. A. Plumley, of Ketchikan, for plaintiff.
Chas. E. Ingersoll, of Valdez, for defendant.

JENNINGS, District Judge. The property having been duly redeemed by Koel, Ziller, the purchaser at marshal's sale and plaintiff herein, would be no longer "entitled to the possession," and his action of ejectment must necessarily fail; but he contends that under section 1139, Compiled Laws of Alaska 1913, he is entitled to continue waging the suit for the rents and profits. That section reads as follows.

"If the right of the plaintiff to the possession of the property expire after the commencement of the action, and before the trial, the verdict shall be given according to the fact, and judgment shall be given only for the damages."

Conceding that that section is applicable, the question which confronts the court is this: When the execution creditor becomes the purchaser at an execution sale, bidding the full amount of his judgment and receiving from the marshal a certificate of sale, and when the property sold is afterwards duly redeemed by payment by a redemptioner of the full amount due of the judgment and the certificate, which said amount is accepted by the purchaser, may the said purchaser have his action for rents and profits for the period elapsing between his certificate of sale and the redemption?

Plaintiff contends that he is so entitled, basing the contention on section 1126 of the Compiled Laws of Alaska of 1913, reading as follows:

"The purchaser from the day of sale until a resale or a redemption, and a redemptioner from the day of his redemption until an-

other redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

In only a few of the states is there any such statute; in some of that few there are cases which seem to hold with the plaintiff, although I have not seen any case involving all the terms of the above-stated query. However that may be, I think that our statute has been virtually construed by the Oregon courts as against the position taken by plaintiff. Says Judge Bellinger, in Balfour v. Rogers (C. C.) 64 Fed. 926, 927:

"The right to receive rents and profits under this section does not imply that what is thus received need not be accounted for in case of redemption. In Cartwright v. Savage, 5 Or. 397, it is held that, when a judgment debtor redeems, he may recover the value of a crop growing upon the land at the time of the sale and harvested by the purchaser while in possession. It follows that the product of the property must in all cases be accounted for to the redemptioner. It is not the policy of the statute to give the creditor more than his debt, with interest and proper charges."

By the amount paid on the redemption plaintiff received his debt in full, and if in the mean while he had collected these rents, then he would, on redemption being made, have had to account for them, and on such accounting it is manifest he would be the one indebted, and not Brower or Koel. It is not clear, then, how he has been damaged by not having been paid the amount of the rents.

The action will be dismissed, but, insomuch as at the time it was brought plaintiff might have been entitled, the dismissal will be without costs to either side.