Argued March 31; reversed April 3, 1934

# TIMONEY ET AL. *v.* McINTIRE

(31 P. (2d) 165)

*Geo. S. Shepherd,* of Portland, for appellant.

*W. L. Cooper,* of Portland (William Y. Powell, of Portland, on the brief), for respondents.

KELLY, J. On October 30, 1931, plaintiffs James F. Timoney and Adna M. Thayer, instituted a suit to foreclose a mortgage executed by defendant, Mrs. McIntire, and also to foreclose a mortgage alleged to have been executed by defendant, Shepherd. As to defendant, Shepherd, a demurrer to the complaint was sustained and the suit dismissed.

An amended complaint was filed and on January 27, 1932, a decree in favor of plaintiffs against defendant, McIntire, was filed foreclosing the mortgage executed by said defendant Mrs. McIntire. Said mortgage was decreed to be a purchase money mortgage, and in said decree it was declared that there was then due to plaintiffs on the note described in the complaint the sum of $5,000, together with interest thereon at the rate of six per cent per annum from October 1, 1931, and $400 as attorney's fees, together with the costs to be taxed. Said costs were thereafter taxed in the sum of $34.85.

On the 7th day of March, 1932, the mortgaged premises were sold upon execution to Adna M. Thayer for the sum of $2,500. The sale was confirmed on March 29, 1932. On March 6, 1933, defendant filed with the sheriff a demand for an accounting and notice of redemption.

On the 6th day of March, 1933, said Adna M. Thayer filed with said sheriff a verified account of rents and profits.

On the 15th day of March, 1933, defendant, Mrs. McIntire, filed with said sheriff objections to the accounting of said Adna M. Thayer. The sheriff thereupon transferred to the circuit court the said demand for accounting, notice of redemption, statement and account of rents and profits and objections thereto.

■ The circuit court heard the matter and on April 4, 1933, filed its findings, the first paragraph of which is to the effect that sale on execution of the mortgaged property was made when and as above stated; that the purchaser thereof, Adna M. Thayer, is entitled to receive from mortgagor, Laura E. McIntire, the sum of $2,500 with interest at 10 per cent from March 7, 1932.

The second paragraph of said findings is to the effect that said Adna M. Thayer paid to the sheriff of Columbia county, Oregon, the sum of $1,878.05, on the 24th day of September, 1932, and that in making said payment there was a mistake as part of the taxes was on another tract of land and there should be deducted from said amount the sum of $510, leaving a balance of $1,368.05, and that said Adna M. Thayer is entitled to 10 per cent interest on said amount from the 24th day of September, 1932.

The third paragraph of said findings is to the effect that, after taking possession of said property, said Adna M. Thayer leased the property to John I. McIntire, son of said mortgagor, Laura E. McIntire, and has received the sum of $120 as rent, which amount should be deducted from the amount necessary to redeem.

The fourth paragraph summarizes the amounts required for redemption, as being $2,500 with interest at the rate of 10 per cent per annum from March 7, 1932, and $1,368.05 with interest at 10 per cent from the 24th day of September, 1932, and as making a total amount necessary to redeem to date of $4,088.14.

On August 26, 1933, a motion to dismiss this appeal was filed. On October 3, 1933, an answer to said motion was filed. On September 6, 1933, the motion was submitted and on September 12, 1933, an order was made denying said motion.

Purchaser and plaintiff, Mrs. Adna M. Thayer, insists that the motion to dismiss should have been sustained and in her brief argues that the order, the terms of which are above set out, is not an appealable order.

In the case of *Marquam v. Ross,* 47 Or. 374 (78 P. 698), the question of what constitutes an appealable order is discussed. There, plaintiff instituted a suit to establish his right to redeem certain real property from the purchase by the therein named defendant at a mortgage foreclosure. The circuit court decreed that plaintiff was entitled to redeem on paying certain sums and that an accounting should be had to determine the amount of rents and profits to which plaintiff was entitled. This was held to be an appealable order.

In that case, a quotation is made from the case of *State v. Security Savings Co.,* 28 Or. 410 (43 P. 162), as follows:

"The law, as we understand it, is that an order or decree is final for the purposes of an appeal when it determines the rights of the parties, and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect."

This doctrine is reiterated in *Salem King's Products Co. v. LaFollette,* 100 Or. 11, 15 (196 P. 416). There the court, speaking through Mr. Justice HARRIS, says:

"If the order in effect determines the suit or action, or if, in some circumstances, it gives a party all the relief he asks for, it may be appealable." Citing authorities.

In *Anderson et al. v. Harju et al.,* 113 Or. 552 (233 P. 848), this court, speaking through Mr. Justice BEAN, said:

"The classes of orders from which an appeal may be taken must either possess or partake of the quality of a finality."

The order made herein by the circuit court possesses the quality of finality.

In the case of *Thornburg v. Gutridge,* 46 Or. 286 (80 P. 100), cited by defendant, the findings of fact and a conclusion of law rendered in a proceeding supplementary to execution, upon which no final order was given or entered, were held to be nonappealable. It will be noted that in this case there was no final order.

In *Smith Securities Co. v. Multnomah County,* 98 Or. 418 (192 P. 654, 194 P. 428), also cited by defendant, it was held that there was no appeal from a decree of the circuit court setting aside an assessment in a proceeding brought under section 3613, L. O. L., being section 8 of chapter 266, Laws of 1907, p. 450, et seq.

The statute there construed, as stated by the court, speaking through the late Mr. Justice JOHNS, provided a special proceeding and was summary and complete within itself.

So also in *Cohn v. State Tax Commission,* 118 Or. 92 (245 P. 1085), as the reason for dismissing an appeal from a decision of the circuit court granting a revision of an income tax, this court, speaking through the late Mr. Justice BURNETT, said:

"The scheme for levying a tax on income, as embodied in the statute under consideration, is complete within itself."

The provision of the statute under which the order, which is the basis of the appeal in the case at bar was made (section 3-505, Oregon Code 1930) is not complete within itself. It is part of the statute regulating

the procedure in cases where property is sold on execution, and redemption thereof is sought by the mortgagor, or judgment debtor, or his heir, devisee or grantee.

The provision therein under which the parties to this appeal acted evidently was incorporated in the statute to avoid a multiplicity of actions. It is to the effect that, within ten days after notice for an accounting has been given, the purchaser or his successor in interest shall file with the sheriff of the county wherein the property, sought to be redeemed, is situate a verified account of all rents, issues and profits accruing from, and of all sums for which he claims a lien upon the property sought to be redeemed while the same was in the possession of the purchaser or his successors in interest; and that upon objections thereto being filed the sheriff shall forthwith transmit all papers in his possession touching upon said foreclosure sale and redemption to the circuit court having jurisdiction or to the judge thereof, who shall thereupon determine the sums due, if any, to the mortgagor or judgment debtor or claimed by the purchaser under his lien and return the files in the case together with his findings.

Before that provision was inserted in said section by amendment, the redemptioner's only recourse was by an independent action to recover the rents, etc., received by the purchaser at an execution sale during the period elapsing between the date of the sale and the date of the redemption: *Cartwright v. Savage,* 5 Or. 397; *Reichert v. Sooy-Smith,* 85 Or. 251 (165 P. 1174, 1184); *Fields v. Crowley,* 71 Or. 141 (142 P. 360).

The remedy thus formerly consisting only of an action at law is collateral to the proceedings upon execution and redemption, and the legislature, in its

wisdom, simplified it by enabling the purchaser and redemptioner to determine the issues therein triable at the same time that redemption was consummated.

These views are here set forth, because, when plaintiff's motion to dismiss this appeal was denied, no opinion was rendered thereon. The court then carefully considered the question before acting upon said motion; and declines to re-examine it now.

■ A suit was instituted by Meta K. DuMond against Laura E. McIntire and Adna M. Thayer to foreclose certificate of delinquency number 1041, which was issued October 26, 1931. The description of the assessed property, as set forth in said certificate of delinquency, is:

"Part of the Galloway D. L. C. as described in Book 11, page 615, and in Book 33, page 285, deed records of Columbia County, Oregon, in section 26, township 7 north of range 2, west of the Willamette Meridian."

The description set forth in book 11, at page 615, aforementioned, differs from the description of the mortgaged premises in that the mortgage expressly excepts from the property conveyed thereby lot 1 of section 35, township 7, north of range 2, west of the Willamette Meridian; and beginning at the intersection of the north line of said lot 1 with the westerly line of the S. P. and S. Ry. right of way; thence north-westerly along the westerly line of the S. P. and S. Ry. right of way to the railway bridge across Carr slough, thence west 200 feet to a point 30 feet east of the center of the Columbia River highway, thence southerly along the easterly line of the Columbia River highway to the north line of said section 35 to the place of beginning.

But no such exception is reserved in the description found on page 615 of said book 11.

It follows that, if the premises so expressly excepted from the description in said mortgage and above described are part of the Thomas F. and Sarah H. Galloway donation land claim, the certificate of delinquency sought to be foreclosed by Meta K. DuMond included other and different property than that included in said mortgage and the sale on execution after decree of foreclosure thereof.

We find nothing in the record tending to disclose what proportion of the tax was or even should have been assessed against the part excepted from the mortgage.

It is true that the learned trial judge determined that $510 should be deducted from the amount paid by the purchaser at the mortgage foreclosure sale to redeem the premises from the tax foreclosure proceeding because the latter proceedings dealt with the premises excepted from the mortgage. It is argued by the mortgagor that the assessment was void, but it nowhere appears in this record that, at the time of the assessment, she, the mortgagor, was not the owner of said excepted tract. There is testimony to the effect that the mortgagor answered in the tax foreclosure case, but the nature of her defense is not shown. There is also testimony tending to show that for the year 1927, and subsequent years, a part of the property was assessed to Prescott Development Company, but this, in our opinion, does not warrant us in holding that the mortgagor was not the owner thereof when it was assessed to her.

We are powerless to determine whether the assessment, which was the basis of the certificate of delinquency and its attempted foreclosure, was valid, and if so how much of the amount paid by the redemptioner

to the purchaser should be allocated to the premises in suit as a proper amount to be paid by the redemptioner for such tax.

For these reasons, the order of the circuit court is reversed and this proceeding is remanded for such further proceedings as may not be inconsistent herewith.

RAND, C. J., BELT and ROSSMAN, JJ., concur.