Argued October 6, reversed and remanded November 23, 1966

ENGELSON *v.* MILLER ET UX
420 P. 2d 623

*Sam Kyle,* Albany, argued the cause for appellant. With him on the briefs were Willis, Kyle, Emmons & Kropp, Albany.

*John E. Jaqua,* Eugene, argued the cause for respondents. On the brief were Jaqua & Wheatley, Eugene.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

O'CONNELL, J.

This is a suit to require defendants, who were purchasers upon foreclosure of a mortgage, to account for rents, issues and profits received during the redemption period. Plaintiff appeals from a judgment in favor of defendants.

Plaintiff executed a mortgage on a parcel of real property. Upon default the mortgage was foreclosed and defendants purchased the property at the foreclosure sale on April 12, 1962. On April 8, 1963, plaintiff served upon defendants notice as provided in ORS 23.570 (1) of his intention to redeem on April 12, 1963. On April 12, 1963, plaintiff deposited with the sheriff the sum of $19,000 for the purpose of redeeming the property. The sheriff paid to defendants $16,394.92, the amount claimed by them, and remitted the balance to plaintiff.

Plaintiff's notice of his intention to redeem did not include a demand for an accounting of rents, issues and profits as provided for by ORS 23.560 (3).[1] On May 25, 1964, plaintiff brought the present suit demanding an accounting for rents, issues and profits.

The trial court held that ORS 23.560 (3) is the exclusive remedy for the recovery of rents, issues and profits and that a demand for an accounting must be made in the proceeding to redeem and not otherwise. The sole question on appeal is whether the statute

---

[1] "(3) The mortgagor or judgment debtor, his heir, devisee or grantee shall be entitled to a set-off, against the amount necessary to be paid to redeem any property subject to redemption, for all rents, issues and profits accruing from the property sought to be redeemed while the same was in the possession of the purchaser, upon his giving to the purchaser or his successors in interest at least 10 days' written notice to render an accounting for all rents, issues and profits accruing from the property sought to be redeemed. * * *"

should be so construed. It is our opinion that the statute should not receive this construction.

Prior to the amendment of ORS 23.560 (3) providing for a set-off of the rents and profits in the redemption proceedings, the mortgagor's only remedy for the recovery of rents and profits was by way of an independent action. This is explained in *Timoney v. McIntire,* 146 Or 583, 588, 31 P2d 165 (1934) as follows:

> "Before that provision was inserted in said section by amendment, the redemptioner's only recourse was by an independent action to recover the rents, etc., received by the purchaser at an execution sale during the period elapsing between the date of the sale and the date of the redemption: *Cartwright v. Savage,* 5 Or. 397; *Reichert v. Sooy-Smith,* 85 Or. 251 (165 P. 1174, 1184); *Fields v. Crowley,* 71 Or. 141 (142 P. 360)."

Defendants contend that the principal objective in amending ORS 23.560 (3) was to preclude separate suits for the recovery of rents and profits and thus avoid a multiplicity of suits. In support of this contention defendants rely upon the suggestion in *Timoney v. McIntire, supra* at p. 588, that the amendment "evidently was incorporated in the statute to avoid a multiplicity of actions." However, the policy of reducing unnecessary litigation would also be served by permitting, rather than requiring, the mortgagor to assert in one proceeding a claim which previously could be made only in a separate action, and the court's statement could be regarded as expressing that idea only. This latter construction is indicated by the following language in the *Timoney* case:

> "The remedy thus formerly consisting only of an action at law is collateral to the proceedings upon execution and redemption, and the legislature,

in its wisdom, simplified it by *enabling* the purchaser and redemptioner to determine the issues therein triable at the same time that redemption was consummated." 146 Or at 588-89. (Emphasis added.)

We find nothing in the *Timoney* case or in the statute supporting defendants' contention that the amendment was intended to exclude recovery of rents and profits by a separate suit.

If Oregon had a general compulsory counterclaim statute, there would be some reason for regarding ORS 23.560 (3) as expressing the same policy. But, as plaintiff points out, in circumstances other than those involving a claim for rents and profits our law allows a separate action even though the amount claimed could have been asserted by way of set-off in a previous action.[2]

We hold that ORS 23.560 (3) does not preclude the institution of a separate suit for rents and profits. Therefore the decree is reversed and the cause is remanded for such further proceedings as are necessary to determine the amount of rents, issues and profits, and any other relief to which plaintiff is entitled.

Reversed and remanded.

---

[2] Buck v. Mueller, 221 Or 271, 351 P2d 61 (1960); Stillwell v. Hill, 87 Or 112, 169 P 1174 (1918).