Argued May 23, reversed and remanded July 16, 1979

# STATE ex rel DIRECTOR OF VETERANS AFFAIRS,
*Plaintiff,*
*v.*

# MONTGOMERY et al,
*Defendants*

# KAMM-STEEL, INC.;
*Appellant,*
*v.*

# SUGARMAN,
*Respondent*

## (No. A87611-16204, CA 12345)

597 P2d 835

Leslie M. Roberts, Portland, filed the briefs for appellant.

Richard L. King and Gordon M. MacLaren, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

## BUTTLER, J.

Kamm-Steel, Inc., as the successor in interest to the judgment debtor in a real property foreclosure proceeding, appeals from an order of the circuit court overruling its objections to the statutory accounting of respondent Sugarman, a prior redemptioner[1] from the purchaser at the foreclosure sale. We conclude that the objections were well-founded and should have been allowed. Accordingly, we reverse.

When Sugarman redeemed the property, he borrowed money in order to do so and obtained title insurance insuring the lender's mortgage lien on the real property securing the loan. Sugarman's redemption occurred on November 15, 1977, and on September 5, 1978, Kamm-Steel served notice upon Sugarman of its intention to redeem,[2] and demanded an accounting from Sugarman pursuant to ORS 23.560.[3]

---

[1] Sugarman, as a lien creditor, was authorized to redeem within 60 days of the foreclosure sale. ORS 23.530(2); 23.540.

[2] ORS 23.530(1) provides:

"Property sold subject to redemption, as provided in ORS 23.520, or any part thereof separately sold, may be redeemed by the following persons:

"(1) The mortgagor or judgment debtor whose right and title were sold, or his heir, devisee or grantee, who has acquired, by inheritance, devise, deed, sale, or by virtue of any execution or by any other means, the legal title to the whole or any part of the property separately sold; provided, that in the event redemption is made by anyone acquiring the legal title after attachment, or after a judgment becomes a lien on the property, such person shall acquire no greater or better right thereby to the property so redeemed than the holder of the legal title at the time of such attachment or judgment."

[3] ORS 23.560(2) provides:

"Redemption shall be made by paying the amount of the purchase money, with interest thereon at the rate of six percent per annum from the date of sale, together with the amount of any taxes the purchaser may have been required to pay thereon, and any sums necessarily expended by him to prevent waste, and also all sums that the purchaser may have been required to pay on prior liens, with interest upon every such payment made by the purchaser at the rate of six percent percent

In his accounting, Sugarman properly claimed as due the total amount paid by him on his redemption, plus $2,244.34 in real estate taxes he had paid, and statutory interest at the rate of 6% per annum. Because Kamm-Steel was entitled, under ORS 23.560, to an off-set for rents, Sugarman reported receipt of $4000 in gross rents, but deducted therefrom $3,362.33 as interest paid by him on the loan he obtained to permit him to redeem, and also deducted $252.50 for title insurance required by his lender.

Kamm-Steel filed objections to the latter two items Sugarman claimed as deductions from rent receipts. After a summary hearing, the objections were overruled.

Sugarman contends that the set-off to which the debtor is entitled "for all rents, issues and profits accruing from the property sought to be redeemed" (ORS 23.560(3)) applies only to "net" profits, and because the interest charges on his loan and the cost for title insurance were expenses that reduced his profits while he was in possession of the premises, he is entitled to deduct them from the gross rentals and

---

per annum from the date of payment thereof; subject to the set-off provided for in subsection (3) of this section."

ORS 23.560(3) provides:

"The *mortgagor or judgment debtor, his heir, devisee or grantee* shall be entitled to a set-off, against the amount necessary to be paid to redeem any property subject to redemption, for all rents, issues and profits accruing from the property sought to be redeemed while the same was in the possession of the purchaser, upon his giving to the purchaser or his successors in interest at least 10 days' written notice to render an accounting for all rents, issues and profits accruing from the property sought to be redeemed. If the property sold is farm land, the purchaser shall have a lien on the first crops sown or grown thereon after the sale, for all sums reasonably expended by him in plowing, cultivating or seeding the premises in the usual husbandlike manner, which lien shall be superior to all other liens except the liens of laborers for work in cultivating said lands or harvesting the crops grown thereon, as now provided by law. If the premises are other than farm lands, the purchaser shall have a lien on the profits thereof arising during the period of redemption for sums necessarily expended by him to prevent waste."

need account only for the amount of the balance. The trial court agreed.

Although there may well be circumstances under which expenses incurred directly in connection with the maintenance and upkeep of the property, *(see Reichert v. Sooy-Smith,* 85 Or 251, 165 P2d 1174, 1184 (1917)), or necessarily incurred in order to rent the property, which could be deducted under the statute from the gross rentals received, we conclude that the interest on the purchase money mortgage and title insurance incident to that loan may not be used to reduce the rental income received. Those costs were incurred by Sugarman in order to redeem the property but were not attributable to renting or maintaining it.

Accordingly, Kamm-Steel's objections to Sugarman's accounting should have been sustained. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.[4]

---

[4] We note that after the trial court overruled its objections, Kamm-Steel paid the amount necessary to effectuate its redemption rights, as a result of which Sugarman suggests that the matter is moot. It is not, because ORS 23.560(4) authorizes either party to appeal from the trial court's determination on objections, but provides that an appeal by the redemptioner "shall not extend the time for redemption unless the redemptioner shall, in addition to the undertaking otherwise required by law upon appeal, * * * give an undertaking with one or more sureties, * * * that the redemptioner will fully consummate the redemption and pay such sums as shall finally be determined to be the amounts required for the redemption." The fact that Kamm-Steel paid the amount rather than putting up a bond should make no difference. Kamm-Steel is entitled to restitution of the amounts it overpaid, and it matters not that a separate proceeding may be required in order to effect restitution if Sugarman refuses to make restitution voluntarily.